UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                       :

ISIDRO CABANAS REYES,                  :

                       :

          Petitioner,       :

          -v-              :      26-CV-3169

                       :

LUIS SOTO, *Warden, Delaney Hall Detention*  :     **TEMPORARY**
*Facility*; LT. LYONS, *Acting Director, ICE*;    :     **RESTRAINING**
MARKWAYNE MULLIN, *Secretary of DHS*; *and*  :    **ORDER & ORDER TO**
TODD BLANCHE, *U.S. Attorney General,*    :    **SHOW CAUSE**

                       :

         Respondents.     :

                       :

----------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

WHEREAS, Petitioner is presently detained by Respondents at the
Metropolitan Detention Center ("MDC"), and has been detained by Respondents
there and at other facilities since being taken into custody by Respondents on May
15, 2026;

WHEREAS, through the declaration of counsel, Petitioner avers that he is a
citizen of Mexico who has resided in the United States since 1997, with a documented
reentry in 2011;

WHEREAS, Petitioner avers that he has no criminal convictions, no
outstanding warrants, and no history of violence or criminal conduct; that he has

1

deep family and community ties in the United States, including with his nieces and nephews, who are U.S. citizens; and that he works as a skilled electrician;

WHEREAS, through counsel, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1, on May 23, 2026 in federal district court for the District of New Jersey, supported by accompanying exhibits, alleging that his detention violates his constitutional and statutory rights;

WHEREAS, this case was transferred to this District and assigned to the undersigned for all purposes on May 27, 2026;

WHEREAS, Petitioner has moved, *inter alia,* for entry of a Temporary Restraining Order and Preliminary Injunction, ECF No. 2 (May 23, 2026), supported by an accompanying Memorandum of Law, seeking an order directing Petitioner's immediate release from detention and restraining Respondents from re-detaining Petitioner for the pendency of the Court's adjudication of the underlying Petition;

WHEREAS, the Court finds that Petitioner has established a likelihood of success on the merits that Petitioner's detention without a pre-deprivation bond hearing violates his Fifth Amendment right to procedural due process. Petitioner avers (and Respondents do not dispute) that he was arrested by ICE on May 15, 2026, and that by the time he filed the instant petition challenging his detention on May

23, 2026, he still had not been afforded a bond hearing before an Immigration Judge ("IJ") or any other neutral magistrate. The Court finds that Petitioner, who has lived in the United States for more than a decade, is likely to succeed on the merits of his claim that he was and is entitled to an individualized, pre-detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a), and that his due process rights were violated when he was detained for at least seven days without being given the due process to which he was entitled. *See, e.g.*, *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026), *amended upon reconsideration in part*, 2026 WL 861152 (Mar. 30, 2026); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 490–94 (E.D.N.Y. 2025). In this regard, the Court finds that Petitioner is likely to succeed on the merits of his constitutional claim notwithstanding the "post-arrest processing" conducted by ICE officials detailed in Respondents' letter to the Court and accompanying exhibits filed on May 30, 2026. *See* Resp't Ltr., ECF No. 12 at 2. *See, e.g., Inestroza Carbajal v. Frazier,* No. 26-CV-2778 (SJB), 2026 WL 1309265, at *2 (E.D.N.Y. May 12, 2026) (finding that 8 U.S.C. § 1226(a) entitles covered non-citizens to both "an individualized custody determination" and "the ability to seek bond before an immigration judge" prior to or contemporaneous with the person's initial detention by ICE, and citing cases).

WHEREAS, the Court also finds that Petitioner has established that there is a high risk of erroneous deprivation of his liberty interest under the Fifth Amendment if temporary injunctive relief is not granted. *See, e.g.*, *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (noting that "the most significant liberty interest" recognized under the Constitution is "the interest in being free from imprisonment"). The Court has weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which applies when courts in the Second Circuit are called upon to determine "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, 804 F. Supp. 3d 395, 416 (S.D.N.Y. 2025) (citation omitted). Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in favor of Petitioner's immediate release from detention, and that he will be irreparably harmed if a Temporary Restraining Order is not granted.

It is hereby:

**ORDERED**, that Petitioner's Motion for a Temporary Restraining Order under Fed. R. Civ. Proc. 65 is **GRANTED**;

**ORDERED**, that Respondents must release Petitioner from custody **no later than 5:00 PM on Monday, June 1, 2026.** Respondents, through counsel, **shall file a letter on the docket no later than 8:00 PM on Monday, June 1, 2026,** confirming that Petitioner has been released from custody, and shall send a courtesy copy of that letter by electronic mail to morrison_chambers@nyed.uscourts.gov and to Petitioner's counsel at the email address listed in the Petition.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court, while the terms of this Order otherwise remain in effect and the Court considers the merits of the underlying Petition;

**ORDERED**, that Respondents **shall show cause in writing no later than 5:00 PM on Friday, June 5, 2026,** as to (1) why the Court should not issue a preliminary injunction enjoining Respondents from re-detaining Petitioner during the pendency of this Court's consideration of the Petition and (2) why the Petition for a writ of habeas corpus should not be granted. **Petitioner may file a reply on or before 5:00 PM on Wednesday, June 10, 2026.** The parties are also free to confer

5

and propose an alternative briefing schedule that affords them further time to prepare and file their respective submissions on the merits, provided that the parties jointly consent to an extension of the temporary relief granted in this Order pending further proceedings, with whatever conditions they agree may be reasonable and necessary to ensure Petitioner's return to court.

In the alternative, Respondents may file a letter on the docket on or before 5:00 PM on Friday, June 5, 2026, indicating that they no longer seek to contest the relief sought in the writ and agree not to re-detain Petitioner absent a pre-deprivation bond hearing that accords with the procedures set forth in 8 U.S.C. § 1226(a) and the authorities cited above, unless they obtain prior leave of this Court to do so, while still preserving their right to appeal or to seek a modification of that order in the event there is an intervening change in law or a material change in factual circumstances.

The foregoing **Temporary Restraining Order** shall expire on **June 15, 2026, at 10:00 AM** unless it is extended by further Order of this Court for good cause shown or otherwise. *See* Fed. R. Civ. P. 65(b)(2).

The Court also respectfully requests that Clerk of Court provide an additional courtesy copy of this Order to the Chief of the Civil Division of the United States

Attorney's Office for the Eastern District of New York by electronic mail.

      **SO ORDERED.**

Dated:  June 1, 2026, 10:00 AM
        Brooklyn, New York                */s/ Nina R. Morrison*
                                    Nina R. Morrison
                                    United States District Judge